BEFORE THE FIRST DIVISION, DECEMBER 13, 1938

**No. 40072.**—Protest 946914–G of Sudbury Co. (New York).

SULLIVAN, Judge: The collector of customs at the port of New York in his memorandum in regard to this protest, dated March 28, 1938, states that the merchandise in question was "classified as vials wholly or in c. v. of glass, fitted with ground glass stoppers, of the character ordinarily employed for holding of mdse., produced otherwise than by automatic machine at 75% under paragraph 218 (e) of the Tariff Act of 1930."

The protest claims as follows:

Vial No. 64 in Case No. 14 is not a blown glass bottle but a glass tube, and is dutiable at 50¢ per gross, as entered, under paragraph 217 and is the same as Vial No. 64/S in Case no. 12 which was entered and liquidated at 50¢ per gross, except that Vial No. 64 is fitted with brass cap.

Plaintiff's witness Sudbury testified he is familiar with the consular invoices and merchandise imported by his concern; that he saw the two items in question (case 12, item 64–S, and case 14, item 64) at the time of their importation. He produced samples of these items. Item 64 was received in evidence as Exhibit 1, and item 64–S was received in evidence as Illustrative Exhibit A. The witness testified that the "S" signified that item 64–S was a smaller size than item 64; that he had seen these two items in use "to carry perfume in a lady's purse"; that the rubber flange is to close the bottle; that the long glass applicator on the stopper is to applicate the perfume that comes in the bottle, that the ladies put on the ears or hair, and so on"; that he had never seen these exhibits used for any other purpose than those he stated.

On cross-examination he testified he had seen articles like Illustrative Exhibit A and Exhibit 1 used "continuously since I have been handling them * * * many times."

The Government did not introduce any evidence to support the collector's classification.

Exhibit 1 is a vial composed of clear uncolored glass, *without* a brass cap as stated in the protest. It is approximately 3½ inches in length by one-half of an inch in diameter, outside dimensions. The bottom is rounded, so that it will not stand in an upright position. The neck is slightly smaller in diameter than the body of the vial. It has a screw thread on the inside. The stopper is composed of glass. It is threaded in order to engage the threads on the inside of the vial. Above the screw thread is a rubber flange or washer. The top of the stopper is of an ornamental shape, is decorated with a design, and is gilded. Below the screw thread the stopper is elongated into a glass point. When the stopper is screwed into the vial the glass point or elongation comes within a small fraction of an inch of touching the bottom of the vial. The screw threads on the vial and stopper coupled with the rubber flange or washer enable the vial to be closed so tightly that the contents thereof will not spill when it is laid on its side. There is no indication that the stopper has been ground. Illustrative Exhibit A is the same article, but slightly smaller.

The provisions of the tariff act in conflict are as follows:

Par. 218 * * * (e). Bottles and jars, wholly or in chief value of glass, of the character used or designed to be used as containers of perfume, talcum powder, toilet water, or other toilet preparations; bottles, vials, and jars, wholly or in chief value of glass, fitted with or designed for use with *ground glass stoppers*, when suitable for use and of the character *ordinarily* employed for the holding or transportation of merchandise; all the foregoing * * * otherwise produced [than by automatic machine], 75 per centum ad valorem. For the purposes of this subparagraph no regard shall be had to the method of manufacture of the stoppers or covers. [Words in brackets and italics ours.]

Par. 217. Bottles, vials, * * * any of the foregoing, wholly or in chief value of glass, filled, or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall be subject to duty as follows: * * * if holding less than one-fourth of one pint, 50 cents per gross: *Provided,* That the terms "bottles," vials," * * * as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

It appears from the invoice that item 64-S (Illustrative Exhibit A), which is evidently not in controversy, according to the examiner's red ink notation on the invoice was classified as "glass vials" and assessed with duty at 50 cents per gross under the foregoing provision of paragraph 217. Yet, except as to size, it is identical with Exhibit 1, except the stopper, which has a rubber washer instead of the flange in Exhibit 1.

Although it does not appear to the eyes of the court that the stopper on Exhibit 1 has been ground, yet the appraiser in his report (which being filed within the legal time is part of the record herein) states "Item #64 is a vial with a ground glass stopper. * * * Item 64-S did not have a ground glass stopper." It would appear to the court from its examination of Exhibit 1, that the statement as to item 64 is erroneous. With the exception that it has a rubber flange on the stopper, while the stopper on item 64-S has a rubber washer, the stopper in each sample is identical, except as to size, and neither appears to be ground; yet there is nothing in the testimony to contradict the statement of the appraiser that item 64 has a ground glass stopper. However, it is within the court's knowledge

that grinding of the outside of the stopper, accompanied by grinding of the inside of the neck of a bottle or vial, is usually essential in order to keep the contents of the bottle from leaking. In the case at bar, however, the same object is attained by the use of a rubber flange or washer, and grinding is unnecessary; therefore it appears that the appraiser's statement as to the stopper in item 64 being ground is erroneous.

The court has passed on similar articles to those at bar on previous occasions. *Mihalovitch Bros. Co.* v. *United States*, Abstract 40509, 31 Treas. Dec. 627, was decided on December 22, 1916. It related to certain bottles of a very similar nature to those at bar, each having a glass dropper forming an elongation of the stopper. In that case, however, the *stopper had been ground*, also the inside of the neck of the bottle. They were assessed with duty under paragraph 84 of the Tariff Act of 1913, which covered, among other things, "glass bottles, * * * ornamented or decorated in any manner, * * * or ground (except such grinding as is necessary for fitting stoppers * * *), and all articles of every description, including bottles * * * composed wholly or in chief value of glass blown * * *" at 45 percent ad valorem. They were claimed dutiable under paragraph 83 of that act at 30 percent ad valorem. Paragraph 83 was very similar to paragraph 217 of the present act, and related to plain bottles, etc. "of the character ordinarily employed as containers for the holding or transportation of merchandise." The word "plain" is eliminated in paragraph 217, *supra*. We said—

It will be observed that paragaph 83 covers plain bottles, and as such, we think was intended by Congress to provide for the plain, ordinary containers of merchandise, which have no other use than as containers. These bottles have a feature apart from their use as containers of perfume, viz, the dropping portion. * * *

We held them dutiable under paragraph 84 of the act of 1913. We think the foregoing quotation is very applicable to the bottles at bar, if we substitute "paragraph 218 (e)" for "paragraph 83," were it not for the fact that the stoppers do not appear to be ground. This, however, would not seem to bar them from the first clause of paragraph 218 (e) relating to glass bottles, etc., "of the character used or designed to be used as containers of perfume," and the bottles at bar are used for that purpose.

It will be observed that paragraph 217 of the present act relates to bottles, vials, etc., "when suitable for use and of the character ordinarily employed for the *holding and transportation of merchandise*"; and that, among other things, paragraph 218 (e) covers bottles, etc., "of the character *used or designed to be used as containers of perfume*," etc. The bottles or vials at bar are "used or designed to be used as containers of perfume," and not of merchandise generally. The first clause of paragraph 218 (e) is therefore more applicable to this merchandise than the more general provision of paragraph 217.

In addition, we think a mere inspection of the samples demonstrates they are not "of the character *ordinarily* employed for the holding or transportation of merchandise," and so are not within paragraph 217. It seems to the court that paragraph 218 (e), which is new to the present tariff act, was enacted by Congress especially to cover such unusual containers as those at bar, and bottles, etc., having ground glass stoppers, in order to remove such containers from paragraph 217.

While these vials are not within the second clause of paragraph 218 (e), by reason of the stoppers not having been ground, they are dutiable at 75 percent ad valorem and classifiable under the first clause of paragraph 218 (e), and we so hold.

The protest is overruled. Judgment for defendant.

Brown, Judge. I concur in the conclusion reached.